# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETE R. CORDERO, | ) | CV F   06-1873 OWW DLB HC |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | ) | |
| HOREL, Warden, | ) | [Doc. 6] |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner was convicted of conspiracy to smuggle drugs into prison and smuggling drugs into prison. He was sentenced to a determinate state prison term of 8 years. (Lodged Docs. 1-2.)

On September 22, 2003, the California Court of Appeal for the Fifth Appellate District affirmed the judgment. (Lodged Doc. 2.) Petitioner sought review by the California Supreme Court which was denied on December 10, 2003. (Lodged Docs. 3-4.)

Petitioner subsequently filed three pro se state post-conviction collateral petitions. The first petition was filed in the Kern County Superior Court on November 18, 2004[1], and denied on

---

[1] All of these dates presume the documents were filed on the date of service and thus apply the mailbox rule. The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA; see also Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

1

December 16, 2004.  (Lodged Docs. 5-6.)

Petitioner filed the second petition in the Fifth District Court of Appeal on January 29, 2005, which was denied on February 24, 2005.  (Lodged Docs. 7-8.)

Petitioner filed the third petition in the California Supreme Court on March 28, 2005, which was denied on March 15, 2006.  (Lodged Docs. 9-10.)

Petitioner filed the instant action on October 30, 2006.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the petition for review was denied by the California Supreme Court on December 10, 2003.[2] Thus, direct review would conclude on March 9, 2004 when the ninety (90) day period for seeking review in the United States Supreme Court expired.[3] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from March 10, 2004, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d

---

[2] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[3] See Sup.Ct. R. 13(1)

1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[4] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 533 U.S. 167 (2001).

Here, at the time Petitioner filed his first collateral state petition on November 18, 2004, 253 days elapsed against the limitations period. It is undisputed that Petitioner is entitled to statutory tolling from November 18, 2004 to March 16, 2006, the date the California Supreme Court denied the petition for review. Thus, the statute of limitations commenced again on March 16, 2006, and an additional two hundred and twenty-nine days elapsed at the time Petitioner filed the instant petition on October 30, 2006. Thus, absent grounds for equitable tolling, the instant petition is untimely.

---

[4] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1    In his opposition, Petitioner initially contends that the statute of limitations did not begin
2 to run until thirty days after the California Supreme Court issued its decision.  Petitioner further
3 contends he was not notified by his attorney that the California Supreme Court had denied his
4 petition for review until May 20, 2004, and he did not receive a copy of his file and transcripts
5 until July 14, 2004, and the limitations should be equitably tolled.  (Exhibit 3, attached to Court
6 Doc. 11; Exhibit 1, attached to Court Doc. 17.)
7    Petitioner's claim that the statute of limitations did not commence until thirty days after
8 the California Supreme Court issued its decision, is without merit.  As Respondent submits, the
9 rule pronounced in Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001), that a denial of a
10 habeas petition by the California Supreme Court does not become final for 30 days after it is
11 issued, applies only to denials of petitions for writs of habeas corpus not, as here, petitions for
12 review.  Accordingly, as stated above, the statute of limitations commenced running on March
13 10, 2004.

D.   State Created Impediment/Equitable Tolling

15    As stated above, Petitioner contends that he was unaware that the California Supreme
16 Court had denied his petition for review until he received a letter from his appellate counsel on
17 May 20, 2004, and he did not receive the file until mailed by his attorney on July 14, 2004.
18    Respondent initially argues that the delayed receipt of notification from appellate counsel
19 did not create a state-imposed impediment that would warrant a later start of the statute of
20 limitations.  Respondent further argues that Petitioner is likewise not entitled to equitable tolling
21 for the five months that passed before he was aware of the denial of his petition for review.
22    In the event of an impediment created by State action in violation of the Constitution or
23 laws of the United States, the one-year limitations period does not commence until after the
24 impediment has been removed.  28 U.S.C. § 2244(d)(1)(B).  Section 2244(d)(1)(B) only applies
25 when the petition has been impeded from filing a habeas petition and which violate the
26 Constitution or laws of the United States.  Shannon v. Newland, 410 F.3d 1083, 1088 n.4 (9th
27 Cir. 2005) (the state appellate court rejected petitioner's claim in light of a state supreme court
28 decision that was subsequently overruled by that court.)

The limitations may be equitably tolled if Petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1079, 1085 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is generally unavailable in most cases, and the prisoner "must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Indeed, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Mere negligence by counsel is not an extraordinary circumstance to warrant equitable tolling. See Lawrence, 127 S.Ct. at 1085 ("Attorney miscalculation [of AEDPA's limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001) (stating that neither miscalculation of the limitations period by defense counsel nor negligence in general constitute extraordinary circumstances sufficient to warrant equitable tolling). However, the Ninth Circuit has recognized that an attorney's misconduct which is sufficiently egregious may constitute an extraordinary circumstance to warrant equitable tolling. See Spitsyn v. Moore, 345 F.3d at 800 (held counsel's actions were sufficiently egregious when counsel failed to prepare and file a petition despite his promise to do so and numerous contacts by the petitioner and his mother).

In his opposition, Petitioner states that "prison authorities failed to delivered [sic] appellate counsel's correspondence to [him] notifying him that 1) the California Supreme Court had denied the petition for review, and 2) that such denial concluded the obligations of counsel's appointment to petitioner." (Opposition, at 10-11.) Petitioner argues that he "was essentially placed in a situation where he was reasonably, but actually falsely, confident that from December 10, 2003 until (at minimum) May 25, 2004 his legal counsel, John Doyle ("Doyle"), remained actively representing petitioner's interest during direct appeal proceedings in state courts." (Opposition, at 11.) Petitioner further states that "even after [he] was made aware of the

6

1  December 10, 2003 state supreme court denial and the conclusion of counsel's appointment by
2  Doyle's May 20, 2004 letter petitioner still remained without access to his legal files until at least
3  July 15, 2004."[1]  (Opposition, at 13.)
4       As stated by Petitioner in his sur-reply, Petitioner's claim is that he did not receive
5  notification from counsel regarding the denial of his petition for review until the letter of May 20,
6  2004.  (Surreply, at 8.)  Respondent characterizes Petitioner's claim as prison officials failure to
7  deliver appellate counsel's legal correspondence to him until over 150 days after the state
8  supreme court denied the petition on December 10, 2003.  Although not stated in precise terms
9  by Petitioner, it appears to the Court that Petitioner's claim is that he did not receive notification
10 from counsel that the petition for review had been denied until counsel's May 20, 2004, letter.
11 However, it is apparent by either interpretation of his argument, i.e. that prison officials failed to
12 deliver appellate counsel's letter until May 20, 2004, or that counsel did not inform Petitioner of
13 the California Supreme Court's denial until May 20, 2004, Petitioner was undisputably not aware
14 that his petition for review had been denied by the California Supreme Court on December 10,
15 2003, until May 20, 2004.[2]  Respondent's arguments that Petitioner has not demonstrated that
16 counsel mailed notification of the Supreme Court's denial prior to the May 20, 2004, letter, or
17 that not having this document in his possession did not prevent Petitioner from filing three state
18 habeas petitions, are not persuasive.  That is the precise problem - i.e. that Petitioner was not
19 made aware of the California Supreme Court's denial until May 20, 2004, and the first petition
20 was filed on November 18, 2004, after he received appellate counsel's letter.  Thus, at the time
21 the first petition was filed, Petitioner had received appellate counsel's letter.
22      Petitioner attaches the May 20, 2004, letter of his appellate counsel, John Doyle, in which

---

[1] Because Petitioner's allegations regarding appellate counsel clearly give rise to a claim for equitable tolling and have merit, the Court need not and does not construe or address Petitioner's claim as creating a state-created impediment.

[2] The pleadings of pro se litigants are held to a less stringent standard than pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam) (instructing the federal courts to construe the inartful pleading of pro se actions liberally); Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015 (1941) (pro se petition for habeas corpus "ought not to be scrutinized with technical nicety.")

7

counsel states, in relevant part, "I received your letter dated May 18 today. My records show that you were mailed a copy of your petition for review on November 3, 2003, along with a letter explaining the situation. The California Supreme Court denied review in your case on December 10, 2003. Copies of those documents are enclosed. [¶] This ends the scope of my appointment to represent you, and you are now entitled to your records and files. The transcripts are numerous, and I would like instructions as to where they may be shipped. I am not sending them to Pelican Bay absent your express instructions in light of the fact that you have apparently not been receiving your mail." (Exhibit 3, attached to Opposition.) Petitioner wrote the letter to counsel on May 18, 2004, just over two months after the statute of limitations period commenced. Petitioner acted diligently in attempting to file a timely petition. Instead of letting the limitations expire, Petitioner inquired of the status of his petition for review with appellate counsel by way of letter dated May 18, 2004. This prompted appellate counsel to inform Petitioner that the petition had in fact been denied on December 10, 2003. Petitioner requested return of the file and transcripts.

Respondent offers no evidence to refute Petitioner's claim that he was unaware of the California Supreme Court's denial of his petition for review until the May 20, 2004, letter, or that he did not receive his case file, including transcripts, until July 14, 2004. Although routine instances of attorney negligence do not constitute extraordinary circumstances to warrant equitable tolling, the undisputed fact remains that Petitioner did not become aware that the petition for review had been denied until May 20, 2004, and he did not receive his case file until July 14, 2004, all of which is beyond his control and were a prerequisite to filing in the state court.[3] See Spitsyn, 345 F.3d at 801 ("[W]ithout the file . . . it seems unrealistic to expect [petitioner] to prepare and file a meaningful petition on his own within the limitations period.") This is particularly so in this case because in addition to the two claims raised on direct review, Petitioner raised several new claims of ineffective assistance of trial counsel. (Lodged Doc. 5,

---

[3] See e.g. Baskin v. United States, 998 F.Supp. 188 (D. Conn. 1998) (court applied equitable tolling when petitioner's attorney failed to notify him of the denial of a petition for certiorari until thirteen months after the denial was entered.)

Grounds 3-7.)

Although equitable tolling is unavailable in most cases, the Court finds the doctrine applicable here. Petitioner reasonably relied on appellate counsel to inform of the status of his pending petition of review, and he did diligently inquired of such status within the limitations period. Given these circumstances, the Court finds counsel's actions were sufficiently egregious, beyond mere negligence, to warrant equitable tolling in this case. Therefore, Petitioner's failure to receive notification of the denial of the petition for review until May 20, 2004, and failure to receive the case records until July 14, 2004, was an extraordinary circumstance beyond his control, and he is entitled to tolling during this period. Thus, granting Petitioner tolling until July 14, 2004, the statute of limitations initially started to run on July 15, 2004, and at the time he filed the first petition for writ of habeas corpus on November 18, 2004, 127 days of the statute of limitations had expired. It is undisputed that the limitations period is tolled from November 18, 2004 to March 16, 2006, the date the California Supreme Court denied the petition for review. The statute of limitations commenced again on March 17, 2006, resulting in 228 days of the limitations elapsing at the time the instant petition was filed on October 30, 2006, and 10 days remained on the limitations period making the instant petition timely.[4]

F.    Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

---

[4] The Court need not and does not address Petitioner's additional claims for equitable tolling.

829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to*

> *that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>   In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent also seeks dismissal of the petition on the ground that the petition contains both exhausted and unexhausted claims. In the instant petition, Petitioner raises the following eight claims: (1) the trial court erred by allowing the expert testimony opinions of CDC investigators as evidence presented without sufficient foundation, violating Petitioner's right to due process; (2) insufficient evidence to support Petitioner's conviction of conspiracy to bring a controlled substance into prison under Penal Code section 4573; (3) insufficient evidence to support Petitioner's conviction of conspiracy to bring a controlled substance into prison under Penal Code section 4573 (same as ground 2); (4) the trial court improperly instructed the jury with CALJIC No. 17.41.1; (5) ineffective assistance of trial counsel for failing to object to the admission of expert opinion testimony without sufficient foundation; (6) ineffective assistance of trial counsel for failing and/or refusing to interview and present two witnesses who were material to the defense in rebutting the prosecution's case-in-chief; (7) ineffective assistance of trial counsel for failing to comply with the court's order to secure and provide Petitioner with documents relevant to the case; and (8) the trial court erred in denying Petitioner of his right to pre-sentencing custody and conduct credits on the underlying convictions.

Petitioner filed a petition for review and a petition for writ of habeas corpus in the California Supreme Court. The petition for review raised only two claims: (1) insufficient foundation was laid for admission of the law enforcement investigators' expert opinions as to the meaning of certain words and phrases allegedly used pursuant to the offenses charged, as well as

their opinions about the consistency of certain transfers of money with the objects of the alleged offenses; and (2) insufficient evidence was adduced to sustain Petitioner's conviction of conspiracy to bring a controlled substance into a prison and of bringing a controlled substance into a prison. The petition for writ of habeas corpus raised the following seven claims: (1) insufficient foundation was laid for admission of the law enforcement investigators' expert opinion as to the meaning of certain words and phrases allegedly used pursuant to the offense charged, as well as their opinions about the consistency of certain transfers of money; (2) insufficient evidence was adduced to sustain Petitioner's convictions of conspiracy to bring a controlled substance into a prison and of bringing a controlled substance into a prison; (3) trial counsel by waiver of objection to the foregoing unsupported and improper expert opinion admitted without insufficient (sic) foundation undermines confidence in the outcome, and constitutes ineffective assistance of counsel ; (4) trial counsel rendered ineffective [assistance] when he failed to comply with the trial court instructions to secure documents relevant to the case from the Los Angeles Police Department and to afford Petitioner with a copy, heretofore the next trial date; (5) trial counsel rendered ineffective [assistance] when he repudiated to have Vishaw and inmate Kroll interviewed and called as witnesses as Petitioner continually requested that he do; (6) trial counsel rendered ineffective [assistance] when he omitted to file a notice of appeal on Petitioner's behalf after trial, which was deliberate rather than inadvertent; (7) Petitioner's sentence to the upper term of eight years on count one which is ordered to be served consecutively to his previously imposed term disqualified him for presentence custody and conduct credits.

   As Respondent correctly argues, these filings served to exhaust all but one claim, ground four, of the instant petition. Neither the petition for review nor the petition for writ of habeas corpus exhausted claim four of the instant petition that the trial court improperly instructed the jury with CALJIC No. 17.41.1. Accordingly, the instant petition is a mixed petition containing both exhausted and an unexhausted claims, and the petition is subject to dismissal, without prejudice, absent dismissal of the claim or a stay and abeyance. See Rose v. Lundy, 455 U.S. 509, 522 (1982); Rhines v. Weber, 544 U.S. 269, 277 (2005). In his opposition, Petitioner

concedes that ground four is unexhausted and requests to dismiss the claim from the instant petition.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as time-barred be DENIED;

2. Petitioner's request to dismiss Ground Four from the petition be GRANTED; and

3. The action be referred back to the Magistrate Judge for further briefing schedule.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 20, 2007**             **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE