# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE R. CORDERO,<br><br>        Petitioner,<br><br>   v.<br><br>HOREL, Warden,<br><br>        Respondent.<br>_____/ | CV F   06-1873 OWW DLB HC<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATION WITH RESPECT TO EQUITABLE TOLLING, DISMISSING GROUND FOUR OF PETITION, WITHOUT PREJUDICE, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE<br>[Doc. 19] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On September 20, 2007, the Magistrate Judge issued Findings and Recommendation that the Motion to Dismiss based on a violation of 28 U.S.C. § 2244(d) be DENIED.  This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

    On October 22, 2007, Respondent filed timely objections to the Findings and Recommendation.  Petitioner filed a reply on December 6, 2007.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Respondent's and Petitioner's reply, the Court finds that Respondent's objections have merit.

    The Findings and Recommendation recommended that Petitioner be granted equitable tolling based on the fact that Petitioner's appellate attorney failed to inform him that his petition

1

1  for review was denied by the California Supreme Court until approximately two months of the
2  federal limitations period elapsed. (Court Doc. 19, at 5-9.)  In addition, the Court granted
3  Petitioner two additional months of equitable tolling for the time it took for Petitioner to obtain
4  his case records.  (Id. at 9.)  The Magistrate Judge concluded that Petitioner was entitled to
5  equitable tolling for the first four months of his limitations period and such tolling rendered the
6  instant petition timely.  (Id.)  Respondent submits that even if these circumstances were
7  "extraordinary" that is not enough.  In addition, Petitioner must show that he diligently pursued
8  his rights *throughout* the entire limitations period.  Respondent submits that on this record,
9  Petitioner simply has not done so.  The Court agrees.

10  Specifically, in this case, after Petitioner completed the exhaustion of his state court
11  remedies on March 15, 2006, *he waited over seven months to file his federal petition*, on October
12  30, 2006.  This negates a finding that Petitioner acted with the requisite diligence, as all of
13  Petitioner's claims were fully developed and there is no valid justification for this substantial
14  delay.  See Pace v. DiGuglielmo, 544 U.S. 408, 410-411, 419 (2005) (Supreme court faulted
15  Pace for delaying several years before commencing final round of state post conviction review,
16  and second for delaying five additional months after the conclusion of the state court remedies
17  before filing the federal petition); Rhines v. Weber, 544 U.S. 269, 277-278 (2004)
18  (acknowledging that it should not take long to take claims for collateral relief that have already
19  been investigated and prepared to a different court); Melancon v. Kaylo, 259 F.3d 401, 407-408
20  (5th Cir. 2001) (finding a petitioner did not expediently file his federal habeas petition and
21  therefore would not receive equitable tolling because he waited four months after the state
22  supreme court denied relief before he filed his federal petition); Coleman v. Johnson, 184 F.3d
23  398, 403 (5th Cir. 1999) (finding that petitioner was not diligent and equitable tolling was
24  unavailable because petitioner waited six months after being notified that the state petition was
25  denied before filing his federal petition).  In addition to this delay, Petitioner took over four
26  months after he received his case records on July 14, 2004, to file his first state habeas petition.
27  (Lodged Doc. No. 5.)  Again, this unexplained delay demonstrates a lack of diligence on
28  Petitioner's part, negating a finding of equitable principles.  See e.g. Lindo v. Lefever, 193

F.Supp.2d 659, 663 (E.D.N.Y. 2002) (delay in receiving notification of court's dismissal of habeas petition constituted an extraordinary circumstance, but petitioner did not qualify for equitable tolling because he failed to act diligently once he received notice of the decision); Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002) (rejecting equitable tolling because the petitioner delayed for nearly two months after he received transcripts). As these factual circumstances demonstrate that Petitioner did not act with due diligence in pursuing his rights, he is not entitled to equitable tolling.

Moreover, Petitioner has not demonstrated that the "extraordinary circumstances" were the actual cause of his untimeliness. Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003); Lott v. Mueller, 304 F.3d 918, 922-923 (9th Cir. 2002); Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Here, Petitioner, undisputably, learned that his state appeal was denied and he received his records no later than July 14, 2004. (Doc. 19, at 9.) This left Petitioner with nearly eight months of the limitations period, plus any applicable time for statutory tolling, within which to exhaust his state remedies and file a federal petition. But for Petitioner's seven-month delay in seeking federal habeas relief, the petition could have been timely.[1] Petitioner has demonstrated no nexus between the extraordinary circumstances and his failure to file a timely federal petition, and equitable tolling is not warranted. See e.g. Fisher v. Johnson, 174 F.3d 710, 715-716 (5th Cir. 1999) (finding causation was not demonstrated where the prisoner "still had over six months to complete his federal habeas petition" after the termination of the allegedly extraordinary circumstances).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued September 20, 2007, is NOT ADOPTED, with respect to the equitable tolling analysis;

2. The Findings and Recommendation is ADOPTED with respect to the dismissal of Ground Four of the petition, and Ground Four is DISMISSED, without prejudice; and,

---

[1] This does not foreclose the possibility that certain circumstances Petitioner classifies as state-created impediments may warrant a later start of the limitations period.

3

3.  The matter is referred back to the Magistrate Judge for a determination of whether Petitioner is entitled to a later trigger date based on an alleged State-created impediments.

IT IS SO ORDERED.

**Dated:   February 29, 2008**               /s/ Oliver W. Wanger
                                             UNITED STATES DISTRICT JUDGE

4