# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE R. CORDERO, | CV F   06-1873 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REJECTING PETITIONER'S CLAIM UNDER 28 U.S.C. § 2244 (d)(1)(B) AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY |
| v. | |
| HOREL, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 15, 2006, in the United States District Court for the Central District of California. The petition was subsequently transferred to this Court and filed on December 26, 2006. (Court Doc. 1.)

On April 5, 2007, Respondent filed a motion to dismiss the petition as untimely under § 2244(d)(1) and (2) because it contains an unexhausted claim. (Court Doc. 6.) Petitioner filed an opposition on May 10, 2007, and Respondent filed a reply on May 25, 2007. (Court Docs. 11, 13.) Petitioner filed a surreply on June 25, 2007. (Court Doc. 17.)

On September 20, 2007, the Court issued Findings and Recommendation recommending that Respondent's motion to dismiss as to untimeliness be denied and granted as to dismissal of the unexhausted claim. (Court Doc. 19.) Respondent filed objections on October 22, 2007, and Petitioner filed a reply on December 6, 2007.

1       On March 3, 2008, Judge Wanger found that Petitioner was not entitled to equitable tolling and remanded the motion for consideration of Petitioner's claim for a later start of limitations period based on a state-created impediment. (Court Doc. 25.) The motion is now before the undersigned to resolve whether Petitioner is entitled to a later start of the limitations period based on a state-created impediment.

    In some instances, the one-year limitations period may begin from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Section 2254(b)(1)(B) applies only to impediments created by state action that violate the Constitution or laws of the United States. Shannon v. Newland, 410 F.3d 1083, 1088 n.4 (9th Cir. 2005). In this case, even if the Court assumed that there was a state-created impediment by prison officials failure to deliver appellate counsel's December 10, 2003, letter until May 20, 2004, the instant petition is still untimely.

    As stated in the Findings and Recommendation of September 20, 2007, the statute of limitations commenced on March 10, 2004. (Court Doc. 19, at 3-4.) If the state created an impediment by failing to deliver appellate counsel's letter until May 20, 2004, the limitations commenced on that date, and Petitioner had one year thereafter to file a timely petition. Petitioner did not file the first state habeas petition until November 18, 2004, at which time, one hundred and eighty two days of the limitations expired. It is undisputed that Petitioner is entitled to statutory tolling from November 18, 2004 to March 16, 2006, the date the California Supreme Court denied the petition for review. (Id. at 4.) The limitations period commenced running again on March 16, 2006, and an additional two hundred and twenty-nine days elapsed at the time Petitioner filed the instant petition on October 30, 2006, resulting in a total of 411 untolled days. (Id.) Thus, even giving Petitioner the benefit of a later start of the limitations on May 20, 2004, the instant petition is still untimely and Respondent's motion should be granted.

///
///
///

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition for writ of habeas corpus be GRANTED; and,

2. The instant petition for writ of habeas corpus be DISMISSED, with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 18, 2008                    /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE